UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BULENT ERTUR,

        Petitioner,

  v.

DEPARTMENT OF HOMELAND SECURITY, et al.,

        Respondents.

No. C05-188P

ORDER

    This matter comes before the Court on Petitioner's objections to Magistrate Judge Monica J. Benton's Report and Recommendation ("R&R"), Petitioner's motion for leave for late filing of documents, and Respondents' motion to re-note Petitioner's objections to allow Respondents to file a reply. Having reviewed all the relevant pleadings and supporting documents, the Court agrees with Magistrate Judge Benton's recommendation in the R&R and therefore DENIES Petitioner's habeas petition and GRANTS Respondents' motion to dismiss. The Court GRANTS in part and DENIES in part Petitioner's motion for leave for late filing of documents. The Court GRANTS Respondents' motion to re-note Petitioner's objections to allow Respondents to file a reply.

I. Petitioner's Objections to the R&R

ORDER - 1

1  The R&R details the complicated procedural background involved in this case. The Court need not re-state those facts here. Petitioner asserts four arguments in his habeas petition: 1) ineffective assistance of counsel, 2) error by the Immigration Judge ("IJ") in denying his motion to reconsider based on allegations of ineffective assistance of counsel, 3) failure of the Bureau of Immigration and Customs Enforcement to deny him release on bond, and 4) the failure of the United States Citizenship and Immigration Services ("USCIS") to transfer Petitioner's administrative file to the Vermont Service Center of the USCIS. Magistrate Judge Benton recommended dismissing each of these claims. Petitioner's objections appear to focus on the first and second arguments, as well as the fourth. Petitioner does not appear to challenge Magistrate Judge Benton's recommendation regarding the third argument.

In her R&R, Magistrate Judge Benton concluded that this Court lacks jurisdiction to consider Petitioner's ineffective assistance of counsel claim because he has failed to exhaust his administrative remedies. At the time she issued the R&R, he had an appeal pending before the Board of Immigration Appeals ("BIA") in which he raised the same issue. Petitioner objects that he has exhausted his administrative remedies, as evidenced by the BIA's denial of his request for a stay of removal pending review of his ineffective assistance of counsel appeal. Petitioner's objection is without merit. Magistrate Judge Benton acknowledged the BIA denial of his stay, but noted that the appeal itself was still pending. That is still the case; the BIA has not yet ruled on that appeal. Contrary to Petitioner's inference, there is no significance in the Office of District Counsel's failure to file objections in that pending appeal.

Magistrate Judge Benton recommended dismissing Petitioner's fourth argument on the grounds that Petitioner had failed to state an actionable claim under habeas jurisprudence to support his request that USCIS be ordered to transfer his administrative file to the Vermont Service Center. After Magistrate Judge Benton issued the R&R, the Vermont Service Center issued an "Approval Notice" of Petitioner's I-360 petition and a "Supplemental Notice of Deferred Action." Respondents

ORDER - 2

1  reply that the Approval Notice clearly states that it is not a visa and may not be used in place of a visa.

2  Additionally, the Vermont Service Center has since indicated that Petitioner's deferred action must be

3  terminated because he was under a final order of removal.  Apparently, the deferred action notice was

4  issued in error.  Petitioner has not shown that the Approval Notice created an actionable claim under

5  habeas jurisprudence.  If it cannot be used in place of a visa, it does not appear to change Petitioner's

6  immigration status.  In short, Petitioner has not shown that Magistrate Judge Benton's

7  recommendation is faulty.

8  Lastly, Petitioner objects to Magistrate Judge Benton's summary of the background facts.

9  Petitioner has failed to show any legal relevance to her summary of the facts.

10  In sum, Petitioner's objections are without merit.  The Court agrees with Magistrate Judge

11  Benton's R&R and therefore DENIES Petitioner's habeas petition and GRANTS Respondents'

12  motion to dismiss.  In their reply, Respondents request that the Court lift the say to remove the only

13  remaining impediment to Petitioners' removal/deportation.  Given the Court's ruling, Respondents'

14  request is well-taken.  The Court's stay is lifted.

15  II.  <u>Petitioner's Motion for Leave for Late Filing of Documents</u>

16  The Court GRANTS in part and DENIES in part Petitioner's motion for leave of late filing of

17  documents.  Plaintiff's objections to the R&R were due March 31, 2005.  He filed objections on that

18  date.  On April 1, 2005 he filed the "Approval Notice" of his I-360 petition and the "Supplemental

19  Notice of Deferred Action."  He indicated that they were filed one day late because the documents

20  were both issued on March 31, 2005.  Petitioner has shown good cause to justify the late filing.

21  Petitioner's request as to these two documents is granted.  The Court has considered these documents

22  in reviewing Petitioner's objections to the R&R.

23  Petitioner also requests that the Court accept his filed reply brief, which was filed a day late.

24  (Dkt. No. 12).  Petitioner assumes that Magistrate Judge Benton did not consider this reply and

25  attached documents.  However, nothing in the record indicates that she refused to consider these

ORDER - 3

1  materials. She indicated in her R&R that she had reviewed "the entire record." Therefore,

2  Petitioner's request as to this document and attachments is denied.

3  <u>III.  Respondents' Motion to Re-note Petitioner's Objections</u>

4      The Court GRANTS Respondents' motion to re-note Petitioner's objections to allow

5  Respondents to file a reply (which they have filed). Given the confusing procedural aspects of this

6  case, the Court finds that Respondent's reply is relevant and the Court's consideration of it will not

7  prejudice Petitioner.

8      The clerk is directed to provide copies of this order to all counsel of record.

9      Dated: May 19, 2005

10

11                          <u>/s/ Marsha J. Pechman</u>
                         Marsha J. Pechman
                         United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER - 4